IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| A.   RANSOM, Individually and, As Next Friend of A.R.  *Plaintiffs* | § § § § | |
| v. | § § | CIVIL ACTION NO. 4:25-CV-04187 |
| BRYCE BARRY, and HOUSTON INDEPENDENT SCHOOL DISTRICT,  *Defendants.* | § § § § § | |

**PLAINTIFFS' A. RANSOM, INDIVIDUALLY.
AND AS NEXT FRIEND OF A.R.
FIRST AMENDED PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

Antoinette Ransom, Individually and as next friend of A.R.("Plaintiffs") files this their First Amended Petition against Jane and John Doe, as next friends of the Minor Jane Doe, Bryce Barry and Houston Independent School District ("Defendants") and alleges as follows:

**DISCOVERY CONTROL PLAN LEVEL 3**

1.      Plaintiffs intend to conduct discovery under level 3 of Texas Rules of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief over $1,000,000 but no more than $5,000,000.

**PARTIES**

2.      Antoinette Ransom is a resident of the State of Texas. She is the biological and custodial mother of the minor plaintiff, known as A.R.

-1-

*Plaintiffs' First Amended Petition*

-2-

3. Defendant Bryce Barry is a Principal at Barbara Bush Elementary School in the Houston Independent School District. Mr. Barry may be served at his place of employment 13800 Westerloch Dr., Houston, Texas 77077. *Plaintiff is requesting a citation contemporaneous with this filing.*

4. Defendant Houston Independent School District is a quasi-governmental entity doing business in Harris County, Texas. Defendant Houston Independent School District may be served with process by serving its superintendent, F. Mike Miles, at 4400 West 18th Street, Houston, Texas 77092, or wherever he may be located. *Plaintiff is requesting a citation contemporaneous with this filing.*

5. Defendant John and Jane Doe, as parents of the minor Jane Doe are individuals residing in Houston, Harris County, Texas. The identities of these Defendants are readily available to the Co-Defendants. Upon initial discovery, Plaintiffs will seek inclusion of these parties' identity and citation for same.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this case and the damages sought are within the jurisdictional limits of this court.

7. Venue is proper pursuant to Tex. Civ. Prac. & Rem. Code Ann. §15.002 (1), as Harris County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred. Further, the State of Texas and the venue of Harris County are convenient forums and venue to all Defendants, maintaining this litigation in this forum and venue would not work a substantial injustice on them, and the interests of justice dictate that this litigation will be maintained in this forum and venue.

-3-

**FACTS**

8. Texas children have an absolute and indisputable right to access to education. This case is based on Defendants' conduct constituting an absolute barrier to Minor Plaintiff A.R.'s access to education.

9. Article 7, Section 1 of the Texas Constitution mandates that each child has a right to the support and preservation of the free public education system.

> "A general diffusion of knowledge being essential to the preservation of the liberties and rights of the people, it shall be the duty of the Legislature of the State to establish and make suitable provision for the support and maintenance of an efficient system of public free schools." *See* Tex. Const. Art. VII, § 1.

10. On or about January 2025, Minor Plaintiff A.R., age seven (7) years old, was repeatedly sexually harassed and assaulted by a fellow 2nd Grade Student at Barbara Bush Elementary. The Minor Plaintiff A.R. and the offending student were frequently alone and unsupervised at the time of the harassments and assaults.

11. On or about April 16, 2025, Plaintiff Ransom reported the assaults to Defendant Bryce Barry. Defendant Barry indicated that he would "look into the matter."

12. Plaintiffs received no further communication and/or guidance from any of the Defendants.

13. On or about April 25, 2025, Plaintiff A. Ransom asked Defendant Barry for an update on the report and process going forward. Defendant Barry merely indicated that the matter was with the district.

14. Through Plaintiffs' own investigation, it is believed that Defendants Jane and John

Doe were aware of their minor child, Jane Doe's previous instances of harassment and did nothing to correct the behavior or otherwise protect against their daughters' potential victims.

15. To date, Plaintiffs have received no remedy, guidance, assistance, and/or support from Defendants for the conduct that occurred at Barbara Bush Elementary School.

16. To date, Minor A.R. is forced to attend school in the same classroom and in close proximity to her attacker each and every day. Due to the trauma of the daily unsafe learning environment, Minor A.R. has not been able to participate fully in her classes and is frequently removed from school due to her stress and emotions.

17. Defendants have not attempted to earnestly provide a safe and accessible learning environment for Minor Plaintiff A.R.  Plaintiff A. Ransom is looking for another school for Minor Plaintiff A.R. to safely continue her education. Therefore, Plaintiffs seek this Court's assistance in rectifying a horrible life-altering situation.

## CAUSE OF ACTION NO. 1 –

## LIABILITY FOR NEGLIGENCE

## OF DEFENDANT BRYCE BARRY AND DEFENDANTS JANE AND JOHN DOE, AS NEXT FRIEND OF THE MINOR JANE DOE

18. Plaintiffs rely upon and incorporate all preceding paragraphs in this cause of action.

19. Defendant Barry was aware of the offensive conduct inflicted on Minor Plaintiff A.R. Defendant Barry was also aware of the child perpetrator predilections for abuse of fellow students.

20. Defendants Jane and John Doe, as next friend of the minor Jane Doe, were made aware of the harassment and assaults perpetrated by their daughter, the minor Jane Doe. Defendants had a duty to protect other children from their daughter's willful and delinquent conduct. Yet, they

*Plaintiffs' First Amended Petition*

did nothing.

21. Defendant Barry had a duty to follow the District's policies and procedures for this type of offensive contact.

22. Moreover, Defendant Barry has a duty to uphold and is bound by the tenants of Texas Education Code § 37.007(f), which reads as follows:

> A student who engages in conduct that contains the elements of the offense of criminal mischief under Section 28.03, Penal Code, may be expelled at the district's discretion if the conduct is punishable as a felony under that section. <u>The student shall be referred to the authorized officer of the juvenile court regardless of whether the student is expelled.</u>
>
> ***See Tex. Educ. Code*** § 37.007 (LexisNexis, Lexis Advance through the 2025 Regular Session and the 2nd C.S. of the 89th Legislature. ***).

23. Upon information and belief, Defendant Barry had been advised to institute several remedies, including but not limited to separating the children involved into different classrooms, to offer institutional therapy to Minor A.R.

24. Defendant Barry, when contacted by Plaintiff's Mother, A. Ransom, failed in his duty to provide truthful and reasonable information to the parties involved.

25. Defendant Barry failed to notify the authorities as required by statute.

26. Instead, Defendant Barry chose to conceal and to ignore the given remedies and failing to discipline the aggressor Minor.

27. As such, Defendant Barry failed to carry out his ministerial duties as an administrator at Barbara Bush Elementary School. As a result, Plaintiffs have and continue to suffer damages.

28. As a result of Defendant's breach, the minor Plaintiff has suffered and continues to suffer physical and psychological damages. Plaintiff A. Ransom has suffered damages, including but not limited to having to abruptly make a costly move to a new school and living situation due

to Defendant Barry's failure.

29. This Court can and should hold Defendant Barry individually liable for the failure to perform his ministerial duties to Plaintiffs and the damages resulting. This Court can and should hold Defendants Jane and John Doe, as next friends of the Minor Jane Doe liable for her willful and reprehensible conduct and the damages resulting.

## CAUSE OF ACTION NO. 2 –

## VIOLATIONS OF 42 USCS § 1983 BY DEFENDANTS BARRY AND HISD

30. Plaintiffs rely upon and incorporate all preceding paragraphs in this cause of action.

31. Ostensibly, Defendants Houston Independent School District provided and promulgated policies related to the handling of these types of incidents, that were based in the mandates of Texas Education Code and Texas Constitution. Defendant Barry failed to adhere to the policies of the Houston Independent School District.

32. Specifically, Defendant Barry to fully and properly investigate the claims. Defendant Barry failed to follow a procedure for proper discipline of the children, including allowing the parents to vet and question the findings related to this incident. Moreover, Defendant Barry failed to engage in any remedial acts, including but not limited to failure to separate the Minor Plaintiff A.R. from the other student involved in this incident, among other policies mentioned above.

33. Defendant HISD has failed in its codified duties to Plaintiffs as victims of the conduct described above. Specifically, Defendant HISD is bound by Texas Educucation Code Section 37.007(g), which reads as follows:

> (g) In addition to any notice required under Article 15.27, Code of Criminal Procedure, a school district shall inform each educator who has responsibility for, or is under the direction and supervision of an educator who has responsibility for, the instruction of a student who has engaged in any violation listed in this section of the student's misconduct. Each educator shall keep the

-6-

*Plaintiffs' First Amended Petition*

information received under this subsection confidential from any person not entitled to the information under this subsection, except that the educator may share the information with the student's parent or guardian as provided for by state or federal law. The State Board for Educator Certification may revoke or suspend the certification of an educator who intentionally violates this subsection.
*See Tex. Educ. Code* § 37.007 (LexisNexis, Lexis Advance through the 2025 Regular Session and the 2nd C.S. of the 89th Legislature. ***)

34. Defendants Barry and HISD's failures and omissions is violation of Plaintiffs' codified and protected rights and entitlements. Defendants have caused and continue to cause Plaintiffs to suffer damages.

## CAUSE OF ACTION NO. 3 –

## VIOLATION OF TITLE IX, 20 USCS § 1681

## AGAINST HOUSTON INDEPENDENT SCHOOL DISTRICT (HISD), SOLELY

35. Plaintiffs incorporate and rely upon all preceding paragraphs in this cause of action.

36. Plaintiffs allege that Defendant HISD is a recipient of public and federal education funding to operate the educational functions of the District.

37. Plaintiffs allege that Defendant HISD acted with deliberate indifference to reports Sexual Harassment. The incident making the basis of this suit was not the singular incident of sexual abuse and harassment between students at Barbara Bush Elementary. Upon information and belief, the child perpetrator had allegedly engaged in these sorts of acts on multiple occasions throughout the school year. The aggrieved behavior continued even after the initial reporting, prompting Plaintiff Ransom to remove the minor Plaintiff from school on several occasions to avoid further victimization.

38. Plaintiffs allege that Defendant HISD had actual knowledge of the children involved and the sexual harassment on the campus of Barbara Bush Elementary.

39.     Plaintiffs will show that the harassment was so severe and objectively offensive that Plaintiff has been effectively and constructively barred from accessing her constitutional education opportunity at Defendant HISD.

40. Plaintiffs have suffered and continue to suffer damages as a result of Defendant HISD's conduct.

## **DAMAGES FOR PLAINTIFFS**

41. As a direct and proximate result of the Conduct of all Defendants made the basis of this lawsuit Plaintiff A. Ransom and the Minor Plaintiff A.R. are entitled to reasonable and proper compensation for the following legal damages:

   a. Reasonable medical care and expenses in the past. These expenses were incurred by Minor Plaintiff A.R., for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;
   b. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;
   c. Mental anguish in the past;
   d. Mental anguish in the future;
   e. Loss of earning capacity, which, in all reasonable probability, will be incurred in the future;
   f. Cost of psychological and medical monitoring and prevention in the future;
   g. Cost of remedial education from missed school in the past;
   h. Exemplary damages, and;
   i. Any and all other damages to which Plaintiff shows entitlement in law or equity through the course of this proceeding.

## **NOTICE OF INTENT TO USE DISCOVERY AT TRIAL**

42. Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiffs hereby give notice that they intends to use all discovery instruments produced in this case at trial. Such discovery instruments include, but are not limited to, all documents Defendants have produced or will produce in response to Plaintiffs' written discovery requests.

## REQUEST FOR JURY TRIAL

21. Pursuant to Texas Rule of Civil Procedure 216, Plaintiffs Ransom requests a trial by jury and would show that the appropriate fee will be paid promptly before trial.

## RULE 47 STATEMENT OF MONETARY RELIEF SOUGHT

22. Rule 47 of the Texas Rules of Civil Procedure requires Plaintiffs to provide a statement regarding the amount of monetary relief sought. Accordingly, Plaintiffs states that she seeks monetary relief of over $1,000,000 but not more than $5,000,000; in an amount to be determined by the jury.

## PRAYER

Plaintiffs A. Ransom, individually and as next friend of Minor Plaintiff A.R. respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants awarding actual damages in an amount with the jurisdictional limits of the Court, exemplary damages, excluding interest, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

*/s/Kevin A. Murray*
KEVIN A. MURRAY
SBN 24007720
BROOK HOLLOW III
2950 NORTH LOOP WEST, SUITE 500
HOUSTON, TEXAS 77092
713.355.5500
888.331.5747 FAX
kmurray@murrlaw.com
**ATTORNEYS FOR PLAINTFFS**
**A.RANSOM, INDIVIDUALLY AND AS NEXT**

*Plaintiffs' First Amended Petition*

## FRIEND OF A.R.

## CERTIFICATE OF SERVICE

I certify that a true copy of this document was served upon all known parties, by and through known counsel of record, listed below, on this 3rd day of November, 2025.

                                         **/s/ Kevin Murray**
                                         Kevin Murray
                                         Attorney for Plaintiff