United States District Court
Southern District of Texas
**ENTERED**
December 15, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| A. RANSOM, INDIVIDUALLY AND, AS NEXT OF FRIEND OF A.R., <br><br>Plaintiffs, <br><br>v. <br><br>BRYCE BARRY AND HOUSTON INDEPENDENT SCHOOL DISTRICT, <br><br>Defendants. | § § § § § § § § § § § § § § § Civil Action No. H-25-4187 |

## ORDER

Pending before the Court is Defendants' Motion to Dismiss Plaintiffs' First Amended Petition Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Document No. 10). Having considered the Defendants' motion, submissions, and applicable law, the Court determines that the Defendants' motion should be granted.

## I. BACKGROUND

This is a case arising from an incident at an elementary school in Houston, Texas. Plaintiff A. Ransom is the parent of Plaintiff "A.R.," a minor who attended Barbara Bush Elementary School in the Houston Independent School District ("HISD"). Ransom brings suit against Defendant HISD and Defendant Bryce Barry ("Barry"), the principal of Barbara Bush Elementary School, alleging that "[o]n or

about January 2025, ... A.R., age seven years old, was repeatedly sexually harassed and assaulted by a fellow 2nd Grade Student at Barbara Bush Elementary."[1] Ransom further alleges that she reported the assaults to Defendant Barry, who failed to provide remedy, guidance, or assistance to Plaintiffs. Ransom further alleges that as a result of Barry's lack of response, her daughter was "forced to attend school in the same classroom and in close proximity to her attacker each and every day."[2]

Based on the foregoing, on May 27, 2025, Ransom filed suit on behalf of her minor daughter, A.R., in state court, asserting claims against Barry for negligence and failure to adhere to the Texas Constitution and Texas Education Code. Ransom also asserts claims against HISD under Section 1983 and Title IX. Ransom seeks monetary relief in an amount between $1,000,000.00 and $5,000,000.00. On September 4, 2025, Defendants removed the case to this Court pursuant to the Court's federal question jurisdiction. On November 3, 2025, Ransom filed her first amended complaint. On November 17, 2025, Defendants moved to dismiss this case pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Ransom did not respond to Defendants' motion to dismiss within either the original response date, or the date of this Order.

---

[1] *Plaintiffs' Original Petition*, Document No. 1 at Exhibit A-2 at ¶ 9.

[2] *Plaintiffs' Original Petition*, Document No. 1 at Exhibit A-2 at ¶ 10.

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

III. LAW & ANALYSIS

Defendants move to dismiss Ransom's complaint, contending that Ransom lacks standing to bring claims against Defendants, and fails to state a claim upon which relief can be granted. Ransom did not respond to Defendants' motion to dismiss, failing to rebut or offer evidence to counter Defendants' contentions. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4.

Ransom brings claims for: (1) negligence against Barry and Defendants Jane and John Doe, as next friend of the minor Jane Doe; (2) violations of 42 U.S.C. § 1983 by Defendants Barry and HISD; and (3) a violation of Title IX against HISD solely. Regardless of Ransom's failure to respond to Defendants' motion to dismiss, the Court will consider, in turn, the merits of Ransom's claim against Defendants.

A. *Bryce Barry and Unidentified Doe Defendants*

Ransom alleges a common law negligence claim against Barry, contending that he was "aware of the offensive conduct inflicted on Minor Plaintiff ... [and] was also aware of the child perpetrator predilections for abuse of fellow students."[3] Ransom further alleges that "Defendant Barry had a duty to follow the [School]

---

[3] *Plaintiffs' Amended Complaint*, Document No. 8 at ¶ 19.

4

District's policies and procedures for this type of offensive contact."[4] Ransom also alleges a violation of Section 1983 against Barry for failing to "adhere to the policies of the Houston Independent School District" or "fully and properly investigate" Ransom's concerns.[5] In response, Barry contends that he is entitled to both qualified immunity under federal law and professional immunity under the Texas Education Code. Ransom offers no rebuttal.

Qualified immunity is an affirmative defense that exists to shield government officials from liability "when their actions could reasonably have been believed to be legal." *Morgan v. Swanson*, 659 F.3d 359, 370- 31 (5th Cir. 2011). The defense is available to government officials who perform discretionary functions "insofar as their conduct does not violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Turning to professional immunity, under the Texas Education Code a "professional employee of a school district is not personally liable for any act that is incident to or within the scope of the duties of the employee's position of employment, and that involves the exercise of judgment or discretion on the part of the employee." Tex. Educ. Code § 22.051. The only exception found within the professional immunity standard

---

[4] *Plaintiffs' Amended Complaint*, Document No. 8 at ¶ 21.

[5] *Plaintiffs' Amended Complaint*, Document No. 8 at ¶¶ 31-32.

outlined by the Texas Education Code is "in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily injury to students. *Id.*

Here, Barry contends that he is entitled to qualified immunity because he was a state government employee acting within the scope of his duties without violating any clearly established rights of the plaintiff. Barry also contends that he is entitled to professional immunity under the Texas Education Code based on Ransom's own complaint. Barry notes Ransom's acknowledgement in her lawsuit that Barry is the school principal, thus satisfying the "professional employee" element under the Texas Education Code. Barry further contends that Ransom alleges that Barry "had been advised" to institute "several remedies" within the school, decisions that inherently require judgment and discretion within the scope of Barry's employment with the school district. Ransom offers no rebuttal. An independent review of Ransom's amended complaint reveals allegations confirming the four elements to establish professional immunity under the Texas Education Code, that: (1) Barry was a professional employee of the school district; (2) his challenged conduct was within the scope of his duties; (3) his duties involved the exercise of discretion; and (4) his acts did not fall within the stated exceptions.

Based on the foregoing, the Court finds that Barry is entitled to both qualified and professional immunity. Accordingly, the Court determines that Ransom's negligence and Section 1983 claims against Barry should be dismissed.

Ransom also asserts a negligence claim against Defendants "Jane and John Doe, as next friend of the minor Jane Doe," which Ransom describes as the alleged perpetrator.[6] The Court notes that Ransom filed this case in state court on May 27, 2025. Pursuant to Federal Rule of Civil Procedure 4(m), service was required to be made upon all Defendants ninety days later, by August 25, 2025. A review of the record in this case reveals that Ransom has failed to serve any of the unidentified Doe Defendants either by the timeline required under the Federal Rules or by the date of this Order. Based on the foregoing, the Court finds that Ransom's claims against the unidentified Doe Defendants should be dismissed. The Court will now consider Ransom's claims against the last remaining defendant, HISD.

B.   *Houston Independent School District*

Ransom alleges violations of Section 1983 and Title IX against HISD, contending that HISD "failed in its codified duties to Plaintiffs" and "acted with

---

[6] *Plaintiffs' Amended Complaint*, Document No. 8 at ¶ 18.

7

deliberate indifference to reports of Sexual Harassment."[7] The Court will consider each claim in turn.

First, HISD contends that Ransom's Section 1983 claim is frivolous because Ransom attempts to use Section 1983 as a vehicle to assert state law claims. HISD notes Ransom's complaint in which she alleges that HISD "failed to adhere" to the Texas Constitution and the Texas Education Code in violation of Section 1983. Ransom offers no rebuttal. Considering the Fifth Circuit's clear guidance that "[i]t is fundamental to our federal jurisprudence that state tort claims are not actionable under federal law" and that "a plaintiff under section 1983 must show deprivation of a federal right," the Court finds that Ransom's Section 1983 claim should be dismissed. *See Nesmith v. Taylor*, 715 F.2d 194, 195 (5th Cir. 1983).

Second, HISD contends that Ransom's Title IX claim should be dismissed because Ransom fails to plead facts plausibly demonstrating the elements of a Title IX claim as a matter of law. Ransom offers no rebuttal. "A school district that receives federal funds may be liable for student-on-student harassment if the district: (1) had actual knowledge of the harassment, (2) the harasser was under the district's control, (3) the harassment was based on the victim's sex, (4) the harassment was so severe, pervasive, and objectively offensive that it effectively barred the victim's

---

[7] *Plaintiffs' Amended Complaint*, Document No. 8 at ¶¶ 33, 37-39.

access to an educational opportunity or benefit, and (5) the district was deliberately indifferent to the harassment." *M.K. by and through Koepp v. Pearl River Cty. Sch. Dist.*, 144 F.4th 801, 806 (5th Cir. 2025) (citations and quotations omitted). The Supreme Court has also made clear that it is unlikely a single instance of severe one-on-one peer harassment could be said to have a systemic effect barring the victim's access to education. *See Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 631 (1999) (finding it unlikely that a single incident of student-on-student sexual abuse could constitute systemic harassment under Title IX).

Here, a review of the record reveals that Ransom pleads her minor child A.R. was subject to abuse by a peer in January of 2025. HISD contends that Ransom fails to plead any other incidents that occurred with respect to A.R., further arguing that Ransom fails to allege facts sufficient to show that the harassment was so pervasive to effectively bar A.R.'s access to education. Based on the Supreme Court's holding in *Davis* finding it unlikely that a single incident of student-on-student sexual abuse could constitute systemic harassment under Title IX, the Court declines to do so here in the absence of an adequately plead complaint or response. Accordingly, the Court determines that Ransom's claim under Title IX should be dismissed.

Having considered the pending motion, submissions, and applicable law, the Court finds that Ransom states no plausible claim upon which relief can be granted with respect to any of the defendants in this case. Accordingly, the Court determines

that the pending motion should be granted, and Ransom's claims against all defendants in this matter should be dismissed.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendants' Motion to Dismiss Plaintiffs' First Amended Petition Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Document No. 10) is **GRANTED**. The Court further

**ORDERS** that Plaintiffs' claims against Defendants are **DISMISSED**.

**THIS IS A FINAL JUDGMENT.**

SIGNED at Houston, Texas, on this __12__ day of December, 2025.

_____
DAVID HITTNER
United States District Judge